**Robert Stuart BERRYMAN et al., Appellants,**

**v.**

**Nan E. ELMORE, Indv., et al., Appellees.**

Court of Appeals of Kentucky.

April 22, 1966.

Nathan Elliott, Jr., Sidney C. Kinkead, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, for appellants.

Paul D. Rehm, Gentry E. McCauley, Jr., Leonard K. Nave, Versailles, for appellees.

CLAY, Commissioner.

This is a suit to have the terms of a deed construed and obtain specific performance of a contract of sale. The relief sought by plaintiff appellees was granted.

Plaintiff Elmore had entered into a contract to sell one Range certain land in Woodford County. This land had been acquired by Elmore as three separate tracts. He and his father had each inherited an undivided one-half interest in Tracts 1 and 2 under a will. Tract 3 had been acquired by him and his father under a 1948 deed from John Gay. This deed contained the following restriction and reverter provision:

"This conveyance is made, however, subject to the restrictions which shall be a covenant running with the land that no buildings of any kind shall be built thereon as long as the land on the north side of said road of which the land hereby conveyed was formerly a part, is in the

possession of John T. Gay, Mattie B. Gay, Martha Gay Berryman, Robert Stuart Berryman and Joan Gay Berryman or any one of the same and in the event that anyone should build or allow to be built any such building on the land hereby conveyed in violation of this covenant then same shall revert to the then owner of the land on the north side of the said Highway."

In 1955 (by deed recorded in 1959) the father conveyed to Elmore his undivided one-half interest in all three tracts. This deed gave a metes and bounds description of each of the tracts, and following those descriptions the identical restriction and reverter provision above quoted was inserted. On the face of this deed it appears that this provision related to all three tracts, and that is the bone of contention here. The Chancellor upheld plaintiffs' contention that it applied only to Tract 3.

Defendants' principal argument is that this is a suit to reform the 1955 deed for mistake, and the action is barred under KRS 413.120(12) and KRS 413.130(3). The Chancellor found, and we believe correctly so, that this is not a suit to reform an instrument or to correct a mistake. While plaintiffs in their complaint alleged mistake, clerical misprision and inadvertence *of the draftsman of the deed,* they disavowed any mistake of the parties and did not ask reformation. Their position is that a latent ambiguity exists in the deed and the controversy revolves about its construction. In our opinion this position is sound.

There is no mistake in the wording of the deed. The ambiguity arises because of the physical position and typed spacing of a particular paragraph. We surmise that any ambiguity in a written instrument involves what may be characterized literally as a "mistake" by someone, but this is not the kind of mistake which requires reformation. If the instrument may be construed according to the intent of the parties, no change is made in its wording and there is nothing to reform. We may also observe that reformation could not be decreed in this case because of the lack of necessary parties. Consequently defendants' plea of the statute of limitations is unavailing.

Defendants' other contention seems to be that there is no ambiguity in the deed, and, therefore, the court may not construe it to mean something other than appears on its face. If this were so, we could have no such thing as a latent ambiguity of this nature. Defendants do not quarrel with the Chancellor's consideration of certain extrinsic matters which exposed the ambiguity and supported his resolution of it. The court did sustain defendants' objections to the oral testimony of certain witnesses, but took into account stipulations of the parties and certain deeds in the chain of title.

As we have before pointed out, the restrictive provision originally affected only Tract 3, which was acquired by Elmore from a different source of title. It had never before appeared in the chain of title to Tracts 1 and 2. The reverter provision was in favor of the grantors (and others) in the deed of 1948 conveying only Tract 3. No reason is apparent why Elmore's father, in conveying his undivided interest in Tracts 1 and 2, would undertake to create a new estate in reversion in those persons. He, of course, could not benefit from it. Even where the same property was involved it has been held that repetition of an identical condition subsequent and right of re-entry in a deed by an intermediate grantor will not be construed as creating a right of re-entry in such grantor. Hawkins v. Reyburn, 20 N.J.Super. 216, 89 A.2d 484. Since Elmore's father would not be reserving any beneficial rights for himself by the insertion of this restriction on Tracts 1 and 2, it would be a strained construction to so apply it.

It may be further pointed out that there already existed buildings on Tracts 1 and 2, and the provision that "no buildings of any kind shall be built thereon" seems

rather incongruous if applied to those tracts.

Considering the different sources of title, the nature of the language used, and the lack of purpose in having the restrictive provision apply to Tracts 1 and 2, in our opinion the Chancellor reached the proper construction of this deed. This restriction did not affect Tracts 1 and 2.

The judgment is affirmed.